## Joliet Stove Works v. John Kiep et al.

### Gen. No. 4,737.

1. ABSTRACT—*effect of failure to file, conforming to rule.* An appellant who fails to file an abstract which complies with the rule of court with respect to abstracts, entitles the court, in its discretion, to dismiss the appeal.

2. REVENUE ACT—*section 214 construed.* Under section 214 of the Revenue Act, the owner of a tax certificate of purchase may recover of the owner of the property upon which the certificate was issued, or intended to be issued, notwithstanding the sale, which preceded the certificate, was made under a description void for uncertainty.

Assumpsit. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

**Statement by the Court.** Appellees brought suit in *assumpsit* against the appellant. The declaration contains only the common counts, which, however, are modifications of the accepted forms. The third count is as follows: ''Also for that the defendant at the place aforesaid, to wit, the time aforesaid, being indebted to the plaintiffs in another sum of, to wit, two thousand dollars, for so much money before that time paid, laid out and expended by the plaintiffs for the defendant's use and at its like request, and by reason of such payment, and by force of the statute in such case made and provided, the said defendant then and there became liable and by the law chargeable to pay the plaintiffs the last named sum so paid, laid out and expended by the plaintiffs for the use of defendant, with interest thereon at the rate of ten per cent. per annum, and in consideration thereof then and there promised the plaintiffs to pay them that sum and interest on demand,'' yet, etc. The others contain a similar indefinite reference to some statutory liability. With the declaration is a copy of the account sued on. ''To money laid out and expended for the

use of the Joliet Stove Works at its request, $5,000.''
The defendant pleaded the general issue. Subsequent
to the joining of issue the plaintiffs filed the following,
which is entitled in the cause, ''Under the several
counts of the declaration herein plaintiffs seek to re-
cover of the defendant as follows: cash paid at tax
sale of defendant's property, now known as lot nine
of county clerk's subdivision of the west part of block
24, Bowen's addition to Joliet, which sale was had on
July 2, 1898, $455.91. Interest thereon at 10%,
$370.13. Taxes paid on the same property, May 23,
or 24, 1899, $540.19. Interest thereon at 10%, $380.32.
Tax paid on same property, March 1, 1900, $655.20.
Interest thereon at 10%, $410.78.'' It does not ap-
pear from the record why this was filed nor what it
was intended to be, but it seems to be a bill of par-
ticulars. The case was tried by the court without a
jury. At the close of the defendant's evidence the
defendant moved the court to exclude all the testimony
and to find for the defendant. The court overruled
the motion and the defendant excepted. Subsequent
to this ruling of the court, the plaintiffs called another
witness who testified to the computation of interest.
No motion to exclude the testimony and to find for the
defendant was made subsequent to the close of the
testimony.

The court rendered judgment for the plaintiffs in the
sum of $1,986.46, to the rendition of this judgment the
defendant excepted and appeals to this court.

The record shows that the appellant, in 1887, be-
came the owner of part of block 24, Bowen's addition
to Joliet, described by metes and bounds. These
premises contained about four acres which appellant
has occupied as a stove works plant. The premises
were assessed to W. N. Moore as lot 6 of Assessors'
subdivision of block 24, Bowen's addition to Joliet,
Will county, Illinois. The appellant did not pay its
taxes for the year 1897, and on the 2nd of July, 1898,
the premises were sold for taxes for $455.91 to Will-

iam O'Callaghan, and the appellees bought and took an assignment of the certificate of tax sale. On May 24, 1899, appellees paid the taxes on the premises, amounting to $540.19, and on March 1, 1900, they paid the taxes for 1899, amounting to $655.20. On July 30, 1900, the premises not having been redeemed, a tax deed was issued to appellees of lot 6, Assessors' subdivision of block 24, Bowen's addition to Joliet. This deed was recorded in the recorder's office in Will county, August 1, 1900. The appellees thereupon notified appellant that they had a tax deed to the premises. About two years thereafter appellees discovered that there was no such lot as lot 6 of Assessors' subdivision of block 24, Bowen's addition to Joliet. Appellees then got the county clerk to make an entry in the tax sale record opposite lot 6, "tract sold in error, void on account of uncertain description." The appellees also executed a quit-claim deed of the premises to W. N. Moore, an officer of appellant company, and left it with the county clerk, with written directions to deliver it on payment of the money paid by them for taxes. On November 3, 1903, appellees executed another quit-claim deed of the lands to the Joliet Stove Works, and directed their attorney to deliver said deed, on payment to them of the amount of money paid for taxes in the transaction. The money not being paid this suit was begun four days later. Judgment was rendered in favor of appellees for $1,986.46 and is for the sums paid for taxes in 1899 and 1900, and interest thereon at 10% per annum, and does not include any part of the money paid for the tax sale certificate.

C. F. BROWN, for appellant.

BENJAMIN OLIN and MORRILL SPRAGUE, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellant has not attempted to comply with rule

16 of this court, requiring a complete index to the abstract, alphabetically arranged, giving the page where each pleading, exhibit or document, and the names of the witnesses, with the pages where the different examinations of the several witnesses may be found, and we would be justified in dismissing the appeal for that reason, but we have overlooked this neglect.

No ruling of the trial court upon the admission or rejection of evidence is presented, or called to the attention of this court by the brief and argument filed by appellant. Counsel say: "appellant also insists it was error for the lower court to permit a recovery upon the common counts. The claimed liability was purely statutory, and should have been declared upon as such." Nothing further is said which questions the sufficiency of the declaration, neither does any proposition of law presented by appellant to the trial court show that the sufficiency of the declaration to sustain the judgment upon the evidence was called to the attention of that court. The motion to exclude the testimony was not renewed at the close of the testimony. The propositions of law presented by appellant are such as would be requested to be held, had there been a special count setting up an erroneous tax sale and subsequent payment of taxes. We conclude that appellant was satisfied, that the statute providing that money paid, as this is claimed to have been paid, may be recovered with interest, if at all, "as money paid for owner's use," and that the case might be disposed of on its merits, upon the declaration containing a general declaration concerning a statutory liability inserted in the common counts, together with the bill of particulars, which gave notice of the grounds of appellees' action.

The only question argued is, can the judgment be sustained on the proof? The record shows that the appellant is the owner of a part of block 24, in Bowen's addition to Joliet, described by metes and bounds,

and has occupied said premises for several years. That it was assessed to W. N. Moore, who was the president of appellant company, as lot 6 in the Assessors' subdivision of part of block 24, Bowen's addition to Joliet. It is shown that there is no plat of any such subdivision known or recorded. It was proved by the assessor that the property attempted to be assessed was under a void description sold for non-payment of taxes, and was the real estate owned and occupied by appellant and upon which its plant was located. The taxes were paid for several years prior to 1897, sometimes in the name of appellant, at other times in the name of W. N. Moore, who was an officer of the appellant company. The property under a void and uncertain description was sold for taxes of 1897, on July 2, 1898, as assessed, and appellees became the owners of the certificate by assignment. Subsequently, and before the discovery that the description was erroneous, appellees, the owners of the tax certificate, on May 23, 1899, paid $540.19, the taxes on the premises for the year 1898, and on April 1, 1900, they paid the taxes for 1899, amounting to $655.20.

Section 213 of chapter 120 R. S. entitled Revenue, provides "Whenever it shall be made to appear to the satisfaction of the county clerk that any tract or lot was sold, and that such tract or lot was not subject to taxation, or upon which the taxes or special assessments had been paid previously to the sale of said lot, or arises from a double assessment, or that the description is void for uncertainty, he shall make an entry opposite to such tract or lots in the sale and redemption record, that the same was erroneously sold and such entry shall be *prima facie* evidence of the fact therein stated, and unless such error is disproved the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate as far as it relates to such tract or lots." The following section of the same chap-

ter (section 214) provides: "*When the purchaser at
such erroneous sale,* or any one holding under him,
*shall have paid any tax* or special assessment *upon
the property so sold, which has not been paid by the*
*owner of the property, he shall have the right to re-
cover from the owner the amount so paid, with ten per
cent. interest, as money paid for the owner's use.*"
Appellant contends that a purchaser at a tax sale and
who pays taxes thereafter, takes his chances on get-
ting large returns, if the proceedings leading up to
and including the deed are in conformity with the stat-
ute. That the rule of *caveat emptor* is peculiarly ap-
plicable in such cases because of the large anticipated
profits. On the other side, appellees contend that the
statute gives them a right to the repayment of the taxes
paid by them with interest, if the description of the
property sold is so uncertain that it is void. Each
party presented propositions giving their respective
theories. The court held propositions to be the law,
that there could be a recovery of money paid, where
the description of the premises was void for uncer-
tainty, and denied the propositions asked by appel-
lant, that the rule of *caveat emptor* applied. Section
213 does not give any right to the tax sale purchaser
against the owner of the premises, but only to get
his refund from the county collector of the money
paid for the tax certificate. The section also provides
that the entry by the county clerk on the tax sale
book shall be *prima facie* evidence of the fact there
stated. Appellees did not rely on this entry made by
the county clerk, but proved by other evidence that
appellant was and is the owner and occupant of the
property; its legal description, and that description
as given in the assessment and tax sale certificate,
did not describe the property attempted to be de-
scribed. They proved there was no such subdivision
of said block; that appellees, while they were owners of
the tax sale certificate, had paid the taxes on the prop-
erty subsequent to such sale, and that appellant, the

Joliet Stove Works v. Kiep.

owner, had not paid the said taxes. Section 214 provides for the repayment by the owner of all taxes paid by a tax sale purchaser on the premises sold to him, subsequent to a sale of erroneously described property, with ten per cent. interest, if the taxes have not been paid by the owner. The statute of 1845 provided for the making of the entry in the case of an erroneous sale by the clerk of the county commissioners' court on the tax sale book at any time *before the execution of the deed*: Section 91, Revenue Act of 1845. The statute of 1858 provided for the same entry even *after the deed* was issued, on the return of the deed to the county clerk. The present statute enacted in 1871 (Statutes of 1871, page 51, sections 213 and 214) and which has been in force ever since, eliminated all reference to time, and is *"whenever it appears,"* etc.; and section 214 is, "when the purchaser at such erroneous sale," etc. We think this statute must be given the effect of the clear and unambiguous language it contains. While tax gatherers and tax sale purchasers may not be regarded with favor by taxpayers, the law encourages the payment and collection of taxes. The statute should not be given such a construction as to encourage the evasion of the payment of taxes. Had appellant paid its taxes as the law demands, it would have no occasion to complain of the heavy percentage it now has to pay. The description in the tax sale being void for uncertainty, therefore, judgment was properly rendered for the taxes paid in 1899 and 1900 and interest, and the rulings on the propositions held to be the law, were consistent with the findings and the law, and those refused were properly held not to be the law. The judgment is therefore affirmed.

*Affirmed.*

Mr. Presiding Justice DIBELL, having presided at the trial of this case in the lower court, took no part in its decision here.